IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GLEN COUCH,

           Petitioner,

      v.

SHARON BLACKETTER,

           Respondent.

Civil No. 04-432-BR

OPINION AND ORDER

**GLEN COUCH**
SID #5508030
Eastern Oregon Correctional Institution
2500 Westgate
Pendleton, OR  97801

      Petitioner *Pro Se*

**JOHN R. KROGER**
Attorney General
**JONATHAN W. DIEHL**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

      Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.[1]  For the reasons that follow, Petitioner's Second Amended Petition for Writ of Habeas Corpus is **DENIED**.

<u>BACKGROUND</u>

On May 30, 1997, a Lane County grand jury indicted Petitioner on charges of Burglary in the First Degree (Count 1), Kidnaping in the First Degree (Count 2), Unlawful Sexual Penetration in the First Degree (Count 3), Rape in the First Degree (Count 4), Attempted Rape in the First Degree (Count 5), Sexual Abuse in the First Degree (Counts 6, 7, and 8), Sodomy in the First Degree (Count 9), and Assault in the Third Degree (Count 10).  The charges arose from a May 20, 1997, incident involving Petitioner's 82-year-old grandmother.

On June 5, 1997, the trial court appointed Robert Schrank to represent Petitioner.  After several postponements, Petitioner appeared for trial on September 25, 1997.  When they first appeared in court for assignment to a trial judge that morning,

---

[1]Petitioner is currently proceeding *pro se*.  Petitioner was previously represented by court-appointed counsel, who filed the Second Amended Petition on Petitioner's behalf.  The Court granted Petitioner's request for a new attorney, and the second court-appointed attorney filed a brief on Petitioner's behalf.  Pursuant to Petitioner's request, that counsel was also allowed to withdraw, and Petitioner subsequently filed a *pro se* Supplemental Brief.

Schrank advised Judge Kip Leonard that Petitioner wanted a new attorney. Explaining his request, Petitioner told Judge Leonard he received conflicting statements from Schrank regarding whether the state could prosecute the case if the victim failed to appear for trial. Petitioner also requested an opportunity to confer with family members.

Schrank indicated the case was on a fast track because of the victim's age and that the state did intend to proceed without the victim's testimony, using hearsay exceptions to proffer out-of-court statements made by Petitioner. The prosecutor informed the court that, although the victim could not appear for trial because of a heart condition brought on by the assault, the state was ready for trial. Judge Leonard denied Petitioner's request for a new attorney and assigned the case to Judge Maurice Merten for trial that day.

Later that morning, Shrank informed Judge Merten that Petitioner was prepared to enter *Alford* pleas to Counts 2, 3, 4, and 7, and accept a stipulated sentence of 240 months in prison. Schrank estimated that, in the absence of the stipulated sentence, Petitioner faced in excess of 600 months of sentencing exposure before consideration of any potential departure factors.

Judge Merten engaged Petitioner in a change-of-plea colloquy during which Petitioner affirmed Schrank's comments and indicated no one had threatened him in connection with his decision to

3 - OPINION AND ORDER -

accept the offer and ensure a shorter, definitive penitentiary term.

The state provided the following factual basis to support Petitioner's *Alford* pleas:

> On May 20th, 1997, in Lane County, Oregon, the home of [the victim], who at the time was 82 years old, her grandson, went into her home, uninvited, was asked to leave, and when she would not [sic], when he would not leave, she went to the phone to pretend to make a phone call to either the police or the defendant's brother to get him out of her home.

> He grabbed the phone from her and, as she attempted to flee her residence through the kitchen and out the back door, the defendant grabbed [the victim] and carried her back into the house.

> As she struggled with him, he took her to her bedroom, where he put her on the floor, removed her underwear, and proceeded to penetrate her vagina with his fingers. He also had sexual intercourse with her and, after ejaculation, caused [the victim] to put her hand on his penis to masturbate him in an effort to get a new erection.

> [The victim] suffered physical injury, indicating the amount of force that was used by the defendant, both to her external arms and face. During the time when [the victim] was being sexually assaulted by the defendant and she was pleading with him to stop, he slapped her across the face and told her to "Shut up, bitch."

> [The victim] reported to medical personnel and Tracey Belshee of the Eugene Police Department that she continued to try to stop this assault, which resulted, based on physical findings at Sacred Heart Hospital, of injury to the vagina of [the victim].

Respondent's Exhibit ("Resp. Exh.") 102, pp. 6-7.

Upon accepting Petitioner's *Alford* pleas, Judge Merten found Petitioner guilty of Counts 2, 3, 4, and 7, and sentenced Petitioner to a total of 240 months of imprisonment.

Petitioner filed a direct appeal, but voluntarily dismissed it upon the advice of counsel that no appealable issue existed. Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed. The Oregon Court of Appeals granted the state's motion for summary affirmance, and the Oregon Supreme Court denied review. Resp. Exhs. 143, 147.

On March 25, 2004, Petitioner filed his *pro se* Petition for Writ of Habeas Corpus in this Court. On July 1, 2004, he filed an Amended Petition alleging fourteen claims for relief:[2]

> **Ground One:** Conviction via *Alford* plea was unlawfully induced and not made voluntarily with understanding of the charges and the consequence of the plea.

> **Ground Two:** Conviction via *Alford* plea was obtained through threats and coercion.

> **Ground Three:** Conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the Petitioner.

> **Ground Four:** Petitioner did not commit the crimes listed in the indictment. Petitioner is actually innocent of the crimes.

---

[2]The claims alleged in the Amended Petition contain much greater detail. The summaries set forth herein are adopted from Petitioner's Habeas Brief, filed by counsel on Petitioner's behalf on February 20, 2009.

**Ground Five:**   The state court failed to inform Petitioner he was waiving constitutional rights by entering into a guilty plea via the *Alford* process.

**Ground Six:**  The state court's acceptance of an *Alford* plea without a written plea agreement was a violation of state and federal due process rights.

**Ground Seven:**  The state court judge at the change-of-plea hearing failed to adequately inform Petitioner of the nature of the numerous charges listed in the indictment.

**Ground Eight:**   The state court improperly denied Petitioner's request for a substitution of counsel prior to the change-of-plea hearing.

**Ground Nine:**   Prosecutorial misconduct.

**Ground Ten:**   The state courts illegally denied Petitioner DNA testing of "newly discovered evidence" in violation of state law.

**Ground Eleven:**  Trial counsel provided constitutionally ineffective assistance at the plea and sentencing stages.

**Ground Twelve:**   Appellate counsel provided constitutionally ineffective assistance on direct appeal.

**Ground Thirteen:**  Appellate counsel failed to raise as error the state's failure to arraign Petitioner within 96 hours of his arrest.

**Ground Fourteen:**   The PCR court improperly denied relief.

As noted, this Court appointed counsel to represent Petitioner. On September 30, 2005, Counsel filed a Second Amended Petition for Writ of Habeas Corpus incorporating the preceding claims and alleging six additional claims:

**Ground Fifteen:** Enhancing a sentence based on allegations that are not charged, and are neither proven to the jury at trial nor admitted by the defendant, violates the Sixth and Fourteenth Amendments.

**Ground Sixteen:** Judicial sentencing based on a standard of less than beyond-a-reasonable-doubt violates due process, fundamental fairness, and equal protection.

**Ground Seventeen:** Petitioner's plea was obtained based only on the fact that the prosecutor would be using hearsay testimonial evidence, and therefore violates the Sixth and Fourteenth Amendments.

**Ground Eighteen:** Accepting an *Alford* plea which is based on non-testimonial hearsay evidence violates due process, fundamental fairness, and equal protection.

**Ground Nineteen:** Trial counsel rendered constitutionally ineffective assistance in violation of the Sixth and Fourteenth Amendments for failure to raise the issues set fourth in Grounds Fifteen through Eighteen.

**Ground Twenty:** Appellate counsel rendered constitutionally ineffective assistance in violation of the Fifth, Sixth, and Fourteenth Amendments for failure to raise as error the issues set forth in Grounds Fifteen through Nineteen.

Respondent did not file an Answer or other Response to the Second Amended Petition filed by counsel on Petitioner's behalf. With respect to the claims alleged in Petitioner's *Pro Se* Amended Petition, Respondent argues Petitioner procedurally defaulted all of the claims alleged except his ineffective assistance of counsel claim based upon trial counsel's failure to conduct additional DNA testing. Respondent argues the PCR trial court decision denying relief on that claim is entitled to deference.

## DISCUSSION

### I.    Procedural Default

#### A.    Legal Standards

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief.    28 U.S.C. § 2254(b)(1).    A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law.    *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999).

When a state allows review of a constitutional violation either on direct appeal or by collateral attack, a prisoner need exhaust only one avenue before seeking habeas corpus relief. *Turner v. Compoy*, 827 F.2d 526, 529 (9th Cir. 1987).    However, if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief" the correct avenue must be fully exhausted.    *Id*.

"In Oregon, most trial errors must be raised by direct appeal to the Oregon Court of Appeals." *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983); *see also Palmer v. State*, 318 Or. 352, 354,

867 P.2d 1368 (1994) (trial errors may not be asserted in post-conviction proceedings). However, violations of a defendant's rights which require a further evidentiary hearing for their determination, such as a claim of ineffective assistance of trial counsel, are appropriately determined upon post-conviction review. *Kellotat*, 719 F.2d at 1030; *State v. McKarge*, 78 Or. App. 667, 668, 717 P.2d 656 (1986) (claim of ineffective assistance of counsel may only be resolved in post-conviction proceeding).

A state prisoner procedurally defaults his available state remedies in one of two ways. First, he may fail to present, or fail to "fairly present," the federal claim to the state court, and the procedural default is caused by the fact that the state court would now find the federal claims procedurally barred under an independent and adequate state law ground. *Coleman v. Thompson*, 501 U.S. 722, 729 n. 1 (1991); *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Second, a federal claim is procedurally defaulted if it is actually raised in state court, but explicitly rejected by the court based upon a state law. *Cone v. Bell*, 129 S. Ct. 1769, 1780 (2009); *Coleman*, 501 U.S. at 729-30.

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation

of federal law, or can demonstrate that the failure to consider the claims will result in a miscarriage of justice. *Coleman*, 501 U.S. at 729; *Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993).

**B.    Analysis**

**1.    Trial Court Error Claims**

As noted, although Petitioner filed a direct appeal from his conviction and sentence, he voluntarily dismissed the appeal. Petitioner is precluded from raising his trial error claims on direct appeal now because the time to do so has expired. *See* Or. Rev. Stat. § 138.071 (appeals must be filed not more than 30 days after the judgment was entered in the register).

Petitioner attempted to raise trial error claims in the state PCR proceeding, but the PCR trial judge found those claims procedurally barred. Resp. Exh. 138, p. 6. Moreover, Petitioner did not raise any of the trial error claims in his PCR appeal. Again, Petitioner is now precluded from doing so, as the time to appeal has expired. *See* Or. Rev. Stat. § 138.550 (post-conviction appeals must be filed within 30 days of the entry of final judgment). Accordingly, Petitioner procedurally defaulted all of the trial error claims alleged in this action.

### 2.    Ineffective Assistance of Counsel Claims

Petitioner alleged several claims of ineffective assistance of counsel in his formal PCR petition, all of which were denied by the PCR trial judge.  On appeal, Petitioner alleged one assignment of error:  "The trial court erred in denying the petition for post conviction relief because trial counsel's failure to investigate was ineffective assistance of counsel." Resp. Exh. 140, p. 6.  Petitioner went on to argue this assignment of error in his Opening Brief as follows:

> Petitioner has asserted that trial counsel failed to do an investigation, specifically to independently test the physical evidence seized from petitioner and the victim.  The state offered absolutely no evidence to controvert petitioner's claim.  On the other hand, petitioner introduced a letter from Dr. Ray Grimsbo, forensic scientist, who suggested that only further testing of the physical evidence could reconcile the two accounts of the incident.

> * * *

> The record below demonstrates that petitioner clearly and repeatedly stated that he believed that the physical evidence would exonerate him.  Petitioner asked trial counsel to independently test the physical evidence and trial counsel did not do so.  While not expressly stated, trial counsel's failure to investigate potentially exculpatory evidence, coupled with the trial court's refusal to appoint new counsel and forcing petitioner to proceed to trial with an attorney he did not want, left petitioner with no choice but to proceed with the plea.  As petitioner stated, he had no knowledge or understanding of the law.

> Petitioner anticipates the state will rely upon the DNA evidence which was tested, arguing that major DNA type from the vaginal swab of the victim was consistent with that of petitioner's.  While the state may disagree

with petitioner, it is also possible that the physical
evidence which was not tested could have provided
potentially exculpatory evidence.

* * *

Petitioner's trial counsel provided ineffective
assistance of counsel by failing to fully investigate
the case and to arrange for independent testing of the
forensic evidence.  Petitioner vigorously asserted his
innocence throughout the proceedings, thus proving
prejudice. . . .

*Id.* at pp. 8-10 (citations to the record omitted).

In his Petition for Review to the Oregon Supreme Court,

Petitioner stated the legal question on review was "whether the

[PCR trial] court erred in finding that trial counsel provided

effective assistance of counsel when counsel failed to thoroughly

investigate petitioner's case, including trial counsel's failure

to independently test DNA evidence."  Resp. Exh. 144, p. 1.

Respondent maintains Petitioner's appellate arguments

establish that Petitioner procedurally defaulted all of his

ineffective assistance of counsel claims except the limited claim

which alleges counsel failed to arrange for additional DNA

testing.  As noted, however, Petitioner's argument on appeal was

not so limited.  Petitioner adequately exhausted his federal

constitutional claims that his plea was not voluntary and

intelligent because his trial counsel failed to adequately

investigate the case prior to advising Petitioner to accept the

12 - OPINION AND ORDER -

plea offer.  Accordingly, the Court considers this claim on the merits below.

As to the remaining claims asserted in this action, however, Respondent is correct.  Petitioner failed to present them in his PCR appeal and is now precluded from doing so. Accordingly, they are procedurally defaulted.

### C.    Actual Innocence

In his Amended Petition, Petitioner claims he is actually innocent of the crimes to which he entered his *Alford* plea.  This Court may excuse the procedural default of Petitioner's federal constitutional claims upon a showing that, in light of the available evidence, it is more likely than not that no reasonable juror would convict Petitioner of the relevant crime.  *House v. Bell*, 547 U.S. 518, 536-37 (2006); *Schlup v. Delo*, 513 U.S. 298, 315-16 (1995).

Petitioner insists that evidence seized by the Eugene Police Department, but not tested, supports his claim of actual innocence.  Pursuant to a discovery order issued by this Court, counsel for Petitioner obtained independent DNA testing of the victim's vaginal swabs.  As counsel for Petitioner notes in Petitioner's Habeas Brief, however, that testing was not helpful and does not support a claim of actual innocence.  Petitioner presents no other evidence to this Court to support his claim of

actual innocence.   In light of the record before it, there is not any factual basis for this Court to conclude it is more likely than not that no reasonable juror would convict Petitioner of the relevant crime.   Accordingly, Petitioner's procedural default cannot be excused.

**II.    <u>Relief on the Merits</u>**

    **A.    Legal Standards**

Under 28 U.S.C. § 2254(e)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003).   A federal habeas court cannot

overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

A state court's determination of a factual issue "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Petitioner carries the burden of rebutting this presumption of correctness by clear and convincing evidence. *Id.*

A state court decision can be overturned for legal error only if the state court's application of Supreme Court case law was "objectively unreasonable." *Penry v. Johnson*, 532 U.S. 782, 793 (2001). Federal courts "may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir.), *cert. denied*, 543 U.S. 1038 (2004).

**B.    The PCR Trial Judge's Decision**

After conducting an evidentiary hearing and considering the numerous exhibits offered by Petitioner in support of his ineffective assistance of counsel claim, the state PCR trial judge issued a written Memorandum of Opinion containing the following pertinent narrative, findings, and conclusions:

**Narrative:**

Essentially, petitioner desires to retry his case. Yet petitioner gave an *Alford* plea and consented to being found guilty, and received a stipulated sentence. He was represented by Robert Schrank at the underlying criminal trial.

Petitioner is not credible.  At petitioner's request, this court has accepted [Petitioner's exhibit 22], the transcript of the proceedings on withdrawal of counsel.  Therein, at that hearing on that issue, petitioner pushed forward into the trial issues, and therein stated that the police had framed him, in that the opportunity for that existed since he had drove a prostitute to Aces counseling center, where she gave him oral sex, and spit it in the parking lot, "Accessible to the police." [sic] and so the police used that sperm to frame him.  At PCR trial, petitioner just as convinced, stated that his grandmother framed him for his convicted rape of her by him, and that she obtained semen from the house, including the same bedroom where he regularly masturbated, and spread it upon herself.

Petitioner stated at PCR trial that counsel never went over evidence with him, had no trust of counsel, figured in effect that the law involved in a larger conspiracy against him (courts interpretation of his statements); said that the blood and skin under grandmothers nails (and the DNA - which when typed lead to him) proved that she was lying; that plea and sentencing was never discussed before the plea, and he had no plea agreement (it was an *Alford* plea); that evidence was not tested, and that evidence was suppressed, and that there was exculpatory evidence.

Petitioner plead in an *Alford* plea on September 25, 1997.  He plead to counts 2, 3, 4, and 7.  There was an agreed to sentence of 240 months.  The court inquired of defendant/petitioner to determine if he understood his rights, to which he answered yes.  Petitioner plea[d] guilty because he has been offered a negotiated settlement that lessens his potential for a penitentiary term.  Petitioner decided that its best to face 240 months rather than 50 years.  Petitioner stated in effect that he had time to talk to his lawyer about the deal.  Defendant consented to the conviction. Petitioner got what he asked for in judgment, 240

months.    The record does not support petitioner's
claims.

**Findings of Fact:**

1.    The court inquired of the defendant during the
      *Alford* plea as to the free, intelligent, and
      voluntary entry into the *Alford* plea.

2.    Defendant bargained for 240 months and received 240
      months.

3.    All evidence in the record points to petitioner as
      the assailant of the victim.

      And as incorporated into the conclusions of law.

**Conclusions of Law:**

                           * * *

5.    The clearest outline of the principles by which a
      claim of constitutionally ineffective assistance of
      counsel is to be measured is that of the United
      States Supreme Court in *Strickland v Washington*,
      466 U.S. 668 (1984). . . .

      Based on the findings of fact set forth above, and
      as set forth in the Attorney General's trial
      memorandum, as to the underlying criminal
      proceedings resulting in Petitioner's conviction,
      Petitioner was not denied the right to assistance
      of counsel, as guaranteed by either the United
      States Constitution as articulated by the United
      States Supreme Court in *Strickland v. Washington*,
      466 U.S. 668 (1984), or the Constitution of the
      State of Oregon.

6.    To prevail on a claim for post conviction relief
      (PCR), a petitioner must establish not only the
      denial of a constitutional right, but also that
      prejudice resulted from the denial. . . .
      Petitioner failed to demonstrate that any prejudice
      resulted from the issues raised.

7.  Petitioner presented no evidence that would clearly have a tendency to affect the result of the prosecution.

8.  Trial Counsel's advice concerning the *Alford* guilty plea, including giving the plea, and accepting the arrangement made with the State, and other matters were within the scope of tactical choice. . . .

9.  Trial Counsel demonstrated reasonable professional skill and judgment.

10. Petitioner failed to present evidence of witnesses suggested to support Petitioner's contentions. In cases where the prejudice described is that of failure to call witnesses, a petitioner must present the testimony of those witnesses in the post-conviction proceedings. . . . In short, the Petitioner must demonstrate in the post-conviction proceeding what helpful evidence was lost by counsel's actions in order to establish prejudice. . . . Petitioner's own affidavits, being self serving and his credibility being nil, the affidavits of petitioner are without merit.

11. Trial Counsel's investigation and preparation, including preparation for the guilty plea and sentencing proceeding, was proper under the circumstances then existing, and within the scope of tactical choice, and within the bounds of the law.  No prejudice was shown.

12. Petitioner's *Alford* plea of guilty was knowing, intelligent, and voluntary.

Resp. Exh. 138, pp. 4-7 (citations and footnote omitted).

   **C.   Analysis**

   The Supreme Court has established a two-part test to determine whether a defendant has received ineffective assistance of counsel.  Under this test, a petitioner must prove that counsel's performance fell below an objective standard of

reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-888 (1987).

To prove a deficient performance of counsel, a petitioner must demonstrate that trial counsel "made errors that a reasonably competent attorney as a diligent and conscientious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985). The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny must be highly deferential, with the court indulging a presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where a petitioner has pleaded guilty or no contest on the advice of counsel, the "voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The prejudice prong, in turn, requires the petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id*. at 59; *Lambert v. Blodgett*, 393 F.3d 943, 980 (9th Cir. 2004), *cert. denied*, 546 U.S. 963 (2005).

"Where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hill*, 474 U.S. at 59; *see also Miller v. Champion*, 262 F.3d 1066, 1068 & 1074-75 (10th Cir. 2001) (while a petitioner need not prove that he would have prevailed at trial in order to establish prejudice under *Hill*, the strength of the prosecution's case should be considered as circumstantial evidence of whether petitioner really would have gone to trial had he received adequate advice from counsel), *cert. denied*, 534 U.S. 1140 (2002); *Brown v. Hill*, 2007 WL 464712 *5 (D. Or., Feb. 7, 2007) ("the strength of the prosecution's case is an indicator of whether the defendant would have accepted a guilty plea offer even if counsel's advice had not been constitutionally deficient") *aff'd*, 267 Fed. Appx. 630 (9th Cir. 2008), *cert. denied*, 129 S. Ct. 97 (2008).

At the PCR proceeding, Petitioner provided self-serving statements that additional investigation would have revealed exculpatory forensic evidence. Although he offered a letter from Dr. Raymond Grimsbo describing additional testing that could have been completed, Petitioner offered no evidence the testing would have resulted in a finding of exculpatory evidence. Indeed, when

additional DNA testing was allowed by this Court, the results proved unhelpful to Petitioner.

Moreover, Petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's omissions, he would not have entered *Alford* pleas to the four counts of conviction. Clearly, the evidence against Petitioner was overwhelming. Although Petitioner expressed reluctance to resolve the charges, he did so only after the fact and in support of his claims in the PCR proceeding. As the PCR trial judge found, Petitioner acknowledged at the trial level that his pleas were motivated by the desire to avoid the possibility of a considerably longer sentence.

In short, Petitioner has not established that the state court's conclusion that trial counsel provided constitutionally effective assistance of counsel is either contrary to or an unreasonable application of clearly established federal law. Accordingly, Petitioner is not entitled to federal habeas corpus relief.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** habeas corpus relief and **DISMISSES** this action.

IT IS SO ORDERED.

DATED this    25th    day of September, 2009.

21 - OPINION AND ORDER -

/s/Anna J.Brown
        ANNA J. BROWN
        United States District Judge